# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO**, | : | CIVIL ACTION NO. 1:09-CV-0355 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MARY SABOL**, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

This civil rights action was initiated by Martin Luther Peynado ("Peynado") on February 26, 2009, a Bureau of Immigration and Customs Enforcement detainee formerly incarcerated at the York County Prison, York, Pennsylvania. (Doc. 1.) Named as defendants are Mary Sabol, Warden of York County Prison, Bureau of Immigration and Customs Enforcement ("ICE"), Doctor Young (Young"), Donald L. Reihart, Micahel W. Flannelly, Charles R. Noll, Doug Hoke, Christopher B. Reilly, Steve Chronister and Roger Thomas. An answer was filed on behalf of Roger Thomas, Mary Sabol, Donald L. Reihart, Michael W. Flannelly, Charles R. Noll, Doug Hoke, and Christopher B. Reilly. (Doc. 11.) Presently before the court are two separate motions to dismiss Peynado's complaint. Defendant Young seeks to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12.) A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) was filed on behalf of ICE. (Doc. 14). For the reasons set forth below, the motion filed on behalf of defendant Young will be denied and ICE's motion will be granted. In addition, a pre-trial schedule will be set.

I.   **Allegations of the Complaint**

Peynado is a heart attack survivor who suffers from "angina-or-angina pectoris." (Doc. 1, at p. 3.) When he was transferred from the Perry County Correctional Facility to the York County Prison on August 27, 2007, he informed the intake nurse that he was on nitroglycerin for his heart problem. In January 2008, defendant Young purportedly discontinued his heart medication "for no reason." (Id.) Peynado disagreed with this turn of events, claiming that he was "told by many other doctors that [he] must not miss [his] medication because [he] might end up with a next heart attack." (Id.) In February 2008, Peynado alleges that he suffered a mild heart attack while taking a shower causing severe pain to his chest and throughout his body. (Id.) He contends that because, at the relevant time, he was in ICE custody, ICE is responsible for his medical care.

Peynado filed a complaint with the York County Prison Complaint Review System. (Doc. 1-2, at pp. 1-7.) All indications are that he fully exhausted this administrative process of review of his claim.

II.  **Young's Motion to Dismiss**

   A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

2

favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary

element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

B.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, as is alleged here, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's

denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Peynado alleges that defendant Young discontinued his heart medication "for no reason." This caused him concern because he was informed by previous doctors that it was essential for him to take the medication to avoid a future heart attack. He allegedly suffered a heart attack approximately one month after the medication was discontinued. Such allegations are sufficient to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Defendant Young's motion will be denied.

### III. **ICE Motion to Dismiss**

#### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) contests the court's authority to hear and decide the case. Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks

5

jurisdiction to hear it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

    B.    Discussion

ICE, the only federal defendant named in the action, moves to dismiss the complaint on the grounds of sovereign immunity. A Bivens[1] cause of action was created in part because government agencies are immune from suit under the doctrine of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 485 (1994). As a result of sovereign immunity, this court lacks subject matter jurisdiction over most claims against the United States and its agencies, including ICE. See id. at 483-86; see also Munoz v. Attorney for U.S. Executive Office, No. 4:03-CV-2293, 2006 WL 2246413, at *7 (M.D.Pa. Aug.4, 2006) (dismissing Bivens claims against the United States for lack of subject matter jurisdiction because "constitutional claims against the United States are barred by sovereign immunity.") Peynado has not demonstrated a basis for subject matter jurisdiction and, therefore, ICE's motion to dismiss will be granted.

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Bivens allows a citizen suffering a compensable constitutional injury to invoke general federal question jurisdiction to obtain an award of monetary damages.

## IV.    **Conclusion**

Based on the foregoing, defendant Young's motion to dismiss will be denied. ICE's motion to dismiss will be granted.

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     February 17, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO**, | : | CIVIL ACTION NO. 1:09-CV-0355 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MARY SABOL, et al.**, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of February, 2010, upon consideration of motions to dismiss filed on behalf of defendants Young (Doc. 12) and the Bureau of Immigration and Customs Enforcement (Doc. 14), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendant Young's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED. Defendant Young shall file an answer to the complaint on or before March 8, 2010.

2. The Bureau of Immigration and Customs Enforcement's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. The Clerk of Court is directed to TERMINATE this defendant.

3. The pre-trial schedule in the above-captioned case shall be as follows:

    a. Discovery shall be completed on or before April 16, 2010.

    b. Dispositive motions shall be filed on or before May 7, 2010.

    c. Scheduling of a final pre-trial conference and the trial date of this matter is deferred pending disposition of any dispositive motions.

4. Any motions or briefs filed after the expiration of the applicable deadline without prior leave of court shall be stricken from the record.

5. No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge